# DOMINGO MATTEI Y MARQUEZ
### v.
# E. & P. SALAZAR & COMPANY.

---

Ponce, Law, No. 213.

### ACCOUNT.

1. A judicial settlement by "quita y espera" (reduction of the debt and extension of time for payment) must be performed by each of the parties or the other is not bound thereby; but one party may, by his conduct or subsequent agreement, relieve the other from a strict compliance.

Mattei y Marquez v. E. & P. Salazar & Co.

2. An account stated, and not impugned, is binding upon the debtors, unless clearly shown to be wrong.
3. Book entries only bind the party making them.
4. Mexican coin in Porto Rico was worth 95 per cent of provincial money, and the latter 60 per cent of American money.

Case tried January 23, 1907.

*Messrs. Pettingill & Leake,* attorneys for plaintiff.

*Mr. C. M. Boerman,* attorney for defendant.

Instructions by RODEY, Judge:

The facts sufficiently appear from the instructions.

RODEY, Judge, omitting the formal parts, gave the following charge and instructions to the jury:

This is a suit for an account between the parties. The pleadings admit that, as to the parties, it is properly brought; the defendants admit that there is due to plaintiff $1,017.62, but plaintiff claims that there are many thousands more due him.

It is in evidence that the defendant firm suspended payment of its debts; that a meeting of creditors was had, wherein a majority of them agreed to grant two years' abeyance to the debtors, and a rebate of 25 per cent of the debts due, and agreed to receive the balance of 75 per cent in eight annual instalments, presumably of equal amount, each year, without interest. It is also in evidence that this action of the creditors was confirmed by a proper court, but the decree confirming it has been lost.

Mattei y Marquez v. E. & P. Salazar & Co.

The court instructs you that, in such a case as this, when a compromise of that character is entered into by creditors with the debtor, each side must keep its part of the agreement; and that, if you believe from the evidence that such a compromise agreement was entered into, and that the defendants in this case did not keep their part of the agreement by paying this 75 per cent of the amount due to the plaintiff in such eight annual instalments or sooner, then the plaintiff would have a right to sue for the whole original amount of his debt as it existed before the compromise, with interest, and recover it, unless you further believe that the plaintiff, by his action, waived the strict compliance with the terms of the compromise on behalf of the defendants by permitting them to pay at different times and in different amounts than as they were required to do by the compromise, or unless you believe from the evidence that plaintiff waived his rights in that regard in any other manner.

If you believe from the evidence in this case that plaintiff at any time sent a statement of his account against the defendants to any of them, and they did not reply to the same within a reasonable time, pointing out wherein the same was wrong, if they so believed it to be wrong, the account thus sent will be considered in law as binding upon the defendants, unless other evidence in the case shows it clearly to have been wrong.

If you believe from a preponderance of the evidence that any particular rate of interest with reference to this account was agreed upon, fixed, or paid by the defendants at any time, then you should find that such is the rate of interest to which plaintiff is entitled on the account that you may find to be due; but if you believe that no fixed rate was ever agreed upon

Mattei y Marquez v. E. & P. Salazar & Co.

by the parties, then you cannot, in your calculations, allow more than 6 per cent per annum interest on the account.

You are further instructed that the entries in the books of the defendants only bind themselves, and that the fact that they charged up $1,200 as paid to the plaintiff does not bind the plaintiff, unless you further believe from a preponderance of the evidence in the case that plaintiff actually received such sum of money; and this rule is true as to any other sum charged against the plaintiff.

It is admitted that the sum of $1,000 has been paid to plaintiff by defendants since the beginning of this suit, on account of his demand, and therefore you must give the defendants credit for that sum in your calculations.

You are further instructed that the amounts of money representing many of the transactions in this suit refer to Mexican pesos, and that these Mexican pesos, according to the evidence, were worth 5 per cent less than the current money of the island of Porto Rico during the time of the creation of this account, and that the final rate of exchange to reduce any such current money to American gold was fixed by Congress at 60 cents on the dollar; and in your calculations you must be governed by these standards.

You are further instructed that you cannot consider, in arriving at your verdict, any question as to whether or not your verdict will have any effect upon the rights of the other creditors of this defendant concern. Your verdict only relates to this case and this plaintiff.

(The jury failed to agree upon a verdict, but, at a later term, after certain admissions by the parties, the court instructed a verdict for plaintiff in the sum of $4,273.08).